# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**APRIL CULLINS, o/b/o E.W.,**                                                             **PLAINTIFF**
**a minor child**

**V.**                         **NO. 4:19-CV-00667 BSM-BD**

**ANDREW SAUL, Commissioner**
**Social Security Administration[1]**                                            **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to Judge Brian S. Miller. Either party may file objections if they disagree with the findings or conclusions set out in this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I. Introduction:**

On January 11, 2016, April Cullins applied for supplemental security income benefits on behalf of her minor child, E.W. (Tr. at 10) In the application, she alleged disability beginning January 11, 2016. *Id*. Her claims were denied both initially and upon

---

[1] On June 6, 2019, Andrew Saul became Commissioner of the Social Security Administration. He is substituted, therefore, as the Defendant. Fed. R. Civ. P. 25(d)

reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge (ALJ) also denied the application. *Id*. Ms. Cullins asked the Appeals Council to review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Cullins filed this case seeking judicial review of the decision denying her benefits.

## II.  The Commissioner's Decision:

For minor child disability cases, an ALJ must follow a three-step sequential evaluation. Under this framework, the ALJ is required to first determine whether the minor is engaging in substantial gainful activity. 20 C.F.R. § 416.924. Next, the ALJ must decide whether the impairment, or combination of impairments, is severe. *Id*. Finally, the ALJ must determine whether the claimant has an impairment that meets, medically equals, or functionally equals a listed impairment. *Id*. For medical equivalence, the ALJ refers to the Child Listing of Impairments in Disability Evaluation. 20 C.F.R. Pt. 404, Subpt. P, Appx. 1. This is an index of medical conditions and the signs or symptoms required for a minor to meet a Listing.

For functional equivalence, a minor has met a Listing if her impairment or combination of impairments results in a "marked" limitation in two domains of functioning, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926. The six domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id*.

The ALJ in this case found that E.W. had not engaged in substantial gainful activity since the alleged onset date of January 11, 2016. (Tr. at 13) He next determined that she had the following severe impairments: left eye injury with loss of central vision acuity and post-traumatic stress disorder. *Id*. He then concluded that, although the impairments were severe, they did not medically equal the criteria of any of the Listings. *Id*.

Finally, the ALJ determined that E.W. did not have an impairment that functionally equaled the severity of the Listings; that is, he concluded that E.W. did not have a severe impairment that resulted in two marked limitations or one extreme limitation in the six functional domains. (Tr. at 13-25). Specifically, he found: 1) no limitation in acquiring or using information; 2) no limitation in attending and completing tasks; 3) a less-than-marked limitation in interacting and relating with others; 4) no limitation in moving about and manipulating objects; 5) no limitation in self-care ability; and 6) a less-than-marked limitation in health and physical well-being. *Id*. Therefore, the ALJ determined that E.W. was not disabled. *Id*.

### III.   Discussion:

   A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d

922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Ms. Cullins's Arguments on Appeal

Ms. Cullins, appearing *pro se*, maintains that E.W. cannot function as a normal and healthy young woman because of her eye injury and concomitant PTSD. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

E.W. suffered an eye injury at school in 2015. (Tr. at 294-318) She was stabbed with a pencil by a classmate. *Id*. She reported pain and headaches and was told to take Ibuprofen. (Tr. at 50, 441) She had multiple surgeries to restore vision and reduce pain. (Tr. at 290-296, 327, 380-382) In January 2016, E.W. had normal eye movements. (Tr. at 306-307) In March 2016, her vision in the affected eye was 20/80. (Tr. at 480) An ophthalmologist noted a generally normal eye exam in June 2016. (Tr. at 461) She was told to use eye drops and Tylenol. *Id*. E.W. was cleared to play sports at school and engaged in basketball and cheerleading, albeit while wearing goggles. (Tr. at 45-46)

E.W. also did very well in school. She took all Pre-AP classes, was an honor roll student, and took enrichment classes outside of school. (Tr. at 44-46, 602, 661) Ms.

Cullins testified that E.W. was an "excellent student." (Tr. at 50-54)

E.W. attended therapy for PTSD and nightmares. She felt less anxious after therapy; indeed, Ms. Cullins testified that medication relieved E.W.'s anxiety. (Tr. at 54) E.W. continued to make progress in therapy and engaged well at her visits. (Tr. at 643-649) Her sleep improved. *Id.* Her nightmares lessened; and overall, she improved with treatment. (Tr. at 602) In August 2017, E.W. was discharged from treatment due to not following up with a letter recommending that treatment continue. (Tr. 542) In 2018, E.W. started new medication that helped with anxiety; conservative therapy techniques helped as well. (Tr. at 718-730)

The ALJ's finding of minimal limitations in the six functional domains aligned with evidence of E.W.'s improvement with treatment and ability to engage in daily activities. She did well at school, did not allege any socialization problems, participated in contact sports, and progressed well with conservative mental health care. Ms. Cullins has not shown that E.W. had any marked or extreme functional limitations.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that E.W. was not disabled. The ALJ properly evaluated E.W.'s abilities in the six functional domains. The decision, therefore, should be affirmed; and the case should be dismissed, with prejudice.

DATED this 13th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE